UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO.** *ELECTRONICALLY FILED*

**ERVINIA J. HALL** **PLAINTIFF**

**VS.** **NOTICE OF REMOVAL**

**JOANNE BRUNER, in her Individual Capacity**
**And her Official Capacity as Group Manager**
**And/or the Internal Revenue Service** **DEFENDANT**

**AND**

**STEVE BOCCHETTI, in his Individual Capacity**
**And his Official Capacity as Territory Manager,**
**And/or the Internal Revenue Service** **DEFENDANT**

**AND**

**INTERNAL REVENUE SERVICE** **DEFENDANT**

\* \* \* \* \*

1. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446 for the removal for trial and disposition of Civil Action Number 11-CI-3900 captioned *Ervina J. Hall v. Joanne Bruner, et al*, now pending in the Commonwealth of Kentucky,

1

Fayette Circuit Court. A copy of the Complaint is attached hereto as Exhibit A. In addition, Exhibit A contains copies of all process, pleadings and orders filed in the case to date.

2. This action arises out of an employment discrimination claim that was federally administratively processed against the United States Internal Revenue Service. As the Complaint states, the individual defendants, Joanne Bruner and Steve Bocchetti, are employees of the United States Internal Revenue Service. The only proper defendant in a discrimination claim against a federal agency is the head of the federal agency. 42 U.S.C. § 2000e-16. The current Secretary of the United States Department of the Treasury is Timothy F. Geithner. Further, this claim is governed by federal and not state law. 42 U.S.C. § 2000e-16(c); *Browns v. Henderson*, 7 Fed.Appx. 472, 474, 2001 WL 345775 (6th Cir.), *citing Brown v. GSA*, 425 U.S. 820, 829 (1976).

3. The Complaint also lists various tort claims against the defendants. Filed simultaneously herewith is the United States Attorney's Certification that at the time of the alleged discrimination and alleged torts, Bruner and Bocchetti's conduct was within the scope of their federal office or employment. *See* Exhibit B: Certificate. The United States Attorney's Certification conclusively establishes scope of employment for the purposes of removal. 28 U.S.C. § 2679(d)(2). The tort claims are precluded by Title VII's exclusive remedy scheme and other grounds. *Brown v. GSA, supra*. Plaintiff has also brought state statutory claims which cannot be maintained against the United States and its employees.

4. Pursuant to 28 U.S.C. § 1442(a)(1) a state court action against the United

States is removable. No further showing is necessary. *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813 (1969); *City of Cookeville, Tennessee v. Upper Cumberland Electric Membership Corp., et al.*, 484 F.3d 380, 388-391 (6th Cir. 2007).

5. The first defendant to be served with the Complaint in the above denoted state court action was Joanne Bruner, who was served on August 2, 2011. Thus, removal is timely. 28 U.S.C. § 1446(b).

WHEREFORE, the above-captioned action, pending in the Commonwealth of Kentucky, Fayette Circuit Court, is removed in its entirety to this court and the defendants will defend the action in a federal forum.

    KERRY B. HARVEY
    UNITED STATES ATTORNEY

By:   s/Robin Gwinn
    Robin Gwinn
    Assistant United States Attorney
    260 West Vine Street, Ste. 300
    Lexington, KY 40507
    Phone: (859) 685-4869
    Fax: (859) 233-2533
    robin.gwinn@usdoj.gov

CERTIFICATE OF SERVICE

     I hereby certify that on August 19, 2011, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

     A copy of the foregoing was sent by first-class mail to:

J. Robert Cowan
Cowan Law Office, PLC
2401 Regency Road, Suite 300
Lexington, KY   40503
ATTORNEY FOR PLAINTIFF

                                       s/ Robin Gwinn
                                       Assistant United States Attorney