AUG-02-2011  04:09          TERRITORY 2                          859 244 2430     P.002/015

| AOC-105 Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice   www.courts.ky.gov CR 4.02; CR Official Form 1 | Doc. Code: CI | CIVIL SUMMONS | Case No. 11-CI-3900 |
|---|---|---|---|
| | | | Court  ☑ Circuit ☐ District |
| | | | County   Fayette |

**PLAINTIFF**

ERVINIA                    J           Hall

Lexington               Kentucky           40503

**VS.**

**DEFENDANT**

JOANNE                              BRUNER
1500 Leestown Road

Lexington                Kentucky           40502

**Service of Process Agent for Defendant:**

_____

_____

_____

_____

**THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____ JUL 2 9 2011 _____

WILMA F. ......NCH
FA...... .....OUIT COURT
FA..... .....TY
U. By: ...... .....STREET C103 _____ Clerk
LF      .... .....NTUCKY 40507                        D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

---

EXHIBIT A

AUG-02-2011  04:09          TERRITORY 2                    859 244 2430     P.003/015

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
_____4_____ DIVISION
CIVIL ACTION NUMBER: 11-CI-3900

ERVINIA J. HALL                                              PLAINTIFF

VS                        **COMPLAINT**        'JUL 29 2011

JOANNE BRUNER, in her Individual Capacity and her Official
Capacity as Group Manager and/or the Internal Revenue Service          DEFENDANT

    **SERVE:**    JOANNE BRUNER
                1500 Leestown Road
                Lexington, Kentucky 40502
                **CERTIFIED MAIL — Return Receipt Requested.**

AND

STEVE BOCCHETTI, in his Individual Capacity and his Official
Capacity as Territory Manger, and/or the Internal Revenue Service

                                                 DEFENDANT

    **SERVE:**    STEVE BOCHETTI
                600 Martin Luther King Blvd.
                Louisville, Kentucky
                **CERTIFIED MAIL-Return Receipt Requested**

AND

INTERNAL REVENUE SERVICE,

                                                   DEFENDANT

    **SERVE:**    TIMOTHY GEITHER
                Secretary of the Treasury
                Washington, D.C. 20224
                **CERTIFIED MAIL — Return Receipt Requested.**

*** *** *** *** *** *** ***

The Plaintiff Ervinia J. Hall (Plaintiff, "Hall" or "Ervinia") states the following complaint

against the Defendants Joann Bruner ("Bruner") in her Individual Capacity and her Official

Capacity as supervisor, Steve Bochetti ("Bochetti") in his Individual Capacity and his Official

Capacity as supervisor and Internal Revenue Service ("IRS").

## JURISDICTION AND VENUE

1.  At the relevant times herein, Ervinia was a resident of Lexington, Fayette County, Kentucky employed by Defendants in Lexington, Fayette County, Kentucky.

2.  At the relevant times herein, Defendant Bruner served as first level supervisor and Group Manager, IRS, in Lexington, Fayette County, Kentucky.

3.  At the relevant times herein, Defendant Bocchetti served as Territory Manager, IRS, in Lexington, Fayette County, Kentucky.

4.  Defendant IRS, 1500 Leestown Road, Suite 200, Lexington, Fayette County, Kentucky 40502 ("IRS"), is a body politic and corporate with perpetual succession empowered to do all things necessary to accomplish the purpose for which it was created.

5.  At all relevant times herein, Defendants were an "employer" as defined in KRS Chapter 344, with more than eight employees, subject to the anti-discrimination laws of the Commonwealth.

6.  At the relevant times herein, Defendants engaged in negligent, malicious, oppressive, intentional and reckless tortious behavior, which caused Plaintiff harm and subjects Defendants to the jurisdiction and venue of Fayette Circuit Court, pursuant to laws including but not limited to KRS Chapters 161, 338, 344 and 411.

7.  Plaintiff is a qualified individual with a disability entitled to protection of laws including KRS Chapter 344.

8. Defendants were aware of the fact that Ervinia was diagnosed with disabilities including that of Clinical Depression and she also suffered from the disability of Traumatic Stress Disorder.

9. An individual is considered to have a "disability" if she has a physical or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment.

10. Defendants regarded Ervinia as disabled and understood that she had a record of impairments that substantially limited one or more major life activities.

11. Ervinia was a qualified individual with one or more disabilities who met legitimate skill, experience, education, or other requirements of the employment position that she held at the IRS.

12. Ervinia was able to perform the essential functions of her position either with or without reasonable accommodation.

13. Traumatic Stress Disorder and Depression as suffered by Ervinia are disabilities protected by laws designed to protect disabled individuals including KRS Chapter 344, which prohibits discrimination in all employment practices, including job application procedures, hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment.

14. Defendants knew that certain of its employees including individual defendants had a reputation of misconduct such that it was negligent to hire, retain and entrust them in high ranking positions.

15. The amount in controversy is in excess of $75,000 and exceeds the jurisdictional amount of this Court.

## BACKGROUND FACTS RELEVANT TO ALL COUNTS

16. During the relevant times herein, Hall was an employee of Defendants.

17. During the relevant times herein, Bruner was an employee of Defendants residing in Kentucky and, among other things, served as Hall's supervisor first level.

18. During the relevant times herein, Bocchetti was an employee of Defendants residing in Kentucky and, among other things, served as Hall's Territory Manager.

19. Prior to the events which are the subject of this matter, Plaintiff was a well-respected individual in her personal and professional life.

20. Plaintiff has been employed by Defendants since 2008 serving as a Revenue Officer, Series 1160/Grade 9.

21. Defendants engaged in purposeful, intentional, negligent and reckless misconduct and retaliation against Hall intended to harm and disparage her in her professional and personal life.

## TORTIOUS CONDUCT

22. During the relevant times herein, Hall made it clear to Defendants that she suffered from disabilities.

23. On at least one occasion, in response to requests for promotion and complaints of unlawful conduct, Defendants retaliated and made responses including statements that Hall "knew what she had to do to get that job."

24. During the relevant times herein, Bruner made various discriminatory and retaliatory comments to Hall including statements regarding her seat placement within a cubicle setting.  Hall made it clear to persons including Bruner that such comments and discussion were unwelcome, that she felt the discussion was inappropriate and asked that it

stop. She was later contacted by Bochetti and David Keeting, who apologized to her and stated

that the incident should not have taken place and that she should go home because they feared

her safety.

25. As a result of Hall's complaints, Bruner, along with the other Defendants, retaliated

against Hall in violation of laws including but not limited to KRS 344.280.

26. Hall complained to defendants that she felt that she was being discriminated against

based upon her sex, gender, sexual orientation and disability and that she was suffering related

retaliation.

27. Defendants failed or refused to assist Hall. The IRS discouraged Hall and stated,

*inter alia*, that they had been threatened by "bomb threats." They further made it clear to Hall

that the reason for the bomb threat was her client's dissatisfaction with the way Hall was

handling his case.

28. Thereafter, Hall contacted Civil Rights Compliance Officer for the IRS, Martha

Smith.

29. Defendants encouraged and failed to prevent abusive and unlawful treatment that

she received by various co-workers.

30. Hall's manager made false or retaliatory statements regarding the involvement of

Hall during a bomb threat inquiry.

31. Hall's manager withheld approving her travel vouchers for weeks in retaliation to

her complaints.

32. On October 14, 2009, Hall's manager knowingly set the security alarm while Hall

was the only person still in the building.

33. On dates including October 22, 2009, Hall's manager allowed co-workers to hide Hall's mail.

34. Defendants' acts were pretext for unlawful discrimination, retaliation and harassment.

35. This outrageous conduct caused and continues to cause Hall incredible personal and professional embarrassment, humiliation, and physical and mental pain and other suffering.

36. Defendants conspired to treat Plaintiff in an unlawful discriminatory manner as proscribed by laws including KRS Chapter 344.

37. Defendants' misconduct represents a continuing violation of her right to be free from unlawful tortious conduct.

38. Individual Defendants took certain actions intended to interfere with the business or contractual relationship between Hall and IRS and otherwise intentionally intermeddle in Plaintiff's affairs.

39. Individual Defendants' acts were the result of their improper motive to, *inter alia*, cause IRS to harm or terminate its relationship with Plaintiff and otherwise harm her in her professional and personal life.

40. Individual Defendants' tortious interference with Hall's business or contractual relationship and her prospective advantage with IRS caused IRS to limit or fail to advance Plaintiff with respect to her employment or contractual relationships with Hall.

41. Defendants' tortious conduct directly caused Hall special and other damages including, but not limited to, pecuniary loss of the benefits of the contract and prospective business relationship, consequential losses, emotional distress and actual harm to reputation.

42. Defendants engaged in a pattern and practice of behavior, which was intended to and did cause Plaintiff severe emotional distress.

43. Defendants had no justification or privilege to act in the tortious manner complained of herein.

44. Defendants knew that the statements were false and defamatory, or acted in reckless disregard of these matters, or acted negligently in failing to ascertain them. Defendants intended to refer to Plaintiff and intended that the statements be communicated to a third person or persons. It was Defendants' intent to discredit Plaintiff.

45. Defendants' statements placed Hall in a false light and injured or otherwise interfered with her interest in the enjoyment and maintenance of her good reputation such that Defendants are strictly liable for her damages thereto.

46. Defendants' statements and related conduct represent, among other things, libel, libel *per se*, slander, and slander *per se*.

47. Defendants engaged in a pattern and practice of behavior, which was intended to and did cause Plaintiff severe emotional distress.

48. Defendants' conduct was so malicious and oppressive that it represents outrageous conduct, outside the bounds tolerated by decent society. This conduct was intended to cause very serious emotional distress to Plaintiff and in fact did cause her mental distress of a very serious kind.

49. Plaintiff is entitled to punitive damages for Defendants' conduct because the conduct was with actual malice, willful, severe and oppressive.

## COUNT ONE

50. Plaintiff adopts by reference all preceding and subsequent paragraphs.

51. As a direct result of Plaintiff's sex, gender and disabilities, in violation of certain laws including KRS 344.040 and .280, Defendants jointly and severally intentionally and purposefully conspired to subject Hall to a pattern of discriminatory and retaliatory treatment.

52. Defendants' actions represent a pattern and practice of continuing, retaliatory, oppressive, malicious, severe, and pervasive harassment and discrimination, and a failure to accommodate, creating a hostile work environment, in violation of laws including KRS Chapter 344.

53. Defendants had knowledge of certain or all of the intentional, oppressive, and malicious acts complained of herein, yet either participated in or supported such conduct or failed to take appropriate action thereto.

## COUNT TWO

54. Plaintiff adopts by reference all preceding and subsequent paragraphs.

55. Defendants had a duty to Plaintiff to conform to a reasonable standard of conduct in the hiring and retention of employees. Defendants knew or reasonably should have known that certain of its employees were likely to cause tortious and other injury to persons including Plaintiff.

56. Defendants' grossly negligent, reckless, and intentional hiring and retention was made with either intentional or reckless indifference to its duties to Plaintiff, including her right to be free from physical and mental disturbance.

57. As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered and continues to suffer extreme mental disturbance and other injuries and is entitled to an award of damages against Defendants in an amount in excess of the minimum jurisdictional amount of this Court.

## COUNT THREE

58.     Plaintiff adopts by reference all preceding and subsequent paragraphs.

59.     Individual Defendants engaged in purposeful misconduct against Hall intended to harm her in her professional and personal life.

60.     Individual Defendants were aware of Hall's contractual or business relationships with Defendants and were further aware of her continued prospective relationships with Defendants.

61.     These Defendants took certain actions intended to interfere with the business or contractual relationship between Plaintiff and Defendants and otherwise intentionally intermeddle in Plaintiff's affairs.

62.     These Defendants' acts were the result of improper motive to, *inter alia,* cause Defendants to terminate partially or refuse to promote Hall and otherwise harm her in her professional and personal life.

63.     These Defendants' tortious interference with Hall's business or contractual relationship and her prospective advantage caused Plaintiff's damages described herein.

64.     These Defendants' tortious conduct directly caused Hall special and other damages including, but not limited to, pecuniary loss of the benefits of the contract and prospective business relationship, consequential losses, emotional distress and actual harm to reputation.

65.     These Defendants had no justification or privilege to act in the tortious manner complained of herein which caused the termination of certain of the contractual or business relationships between Hall and Defendants.

## COUNT FOUR

66.    Plaintiff adopts by reference all preceding and subsequent paragraphs.

67.    During the relevant times herein, Defendants knowingly and maliciously published and communicated both orally and in writing certain defamatory statements about Plaintiff.

68.    The false communications were such that, *inter alia*, they indicated an unfitness to perform the duties of her occupation or profession and tended to expose her to public ridicule or contempt in the relevant professional and personal communities.

69.    Defendants knew that the statements were false and defamatory, or acted in reckless disregard of these matters, or acted negligently in failing to ascertain them. Defendants intended to refer to Plaintiff and intended that the statements be communicated to a third person or persons. It was Defendants' intent to discredit Plaintiff.

70.    Defendants have continued to publish or otherwise failed to correct the continued dissemination of disparaging and defamatory allegations against Plaintiff that continue to cause her damages as complained of herein.

71.    As a direct and proximate result of Defendants' acts, Plaintiff's reputation and her good name has been damaged in the community in which she resides and within her professional community, and among her neighbors, friends, coworkers, like professionals, and others.

72.    As a direct and proximate result of Defendants' acts, Plaintiff has incurred special and other damages including lost past and future income and employee benefits, past and future medical expenses, and past and future mental pain and suffering.

73.   Defendants' statements placed Plaintiff in a false light and injured or otherwise interfered with her interest in the enjoyment and maintenance of her good reputation such that Defendants are strictly liable for her damages thereto.

74.   Defendants' statements represent libel, libel *per se*, slander, and slander *per se*.

## COUNT FIVE

75.   Plaintiff adopts by reference all preceding and subsequent paragraphs.

76.   Defendants placed Plaintiff in a false light which would be highly offensive to a reasonable person of ordinary sensibilities.

77.   Defendants had knowledge of, or acted in reckless disregard as to the falsity of, the publicized matter, the unreasonable intrusion and invasion into Plaintiff's life and the false light in which Plaintiff was placed.

78.   As a direct and proximate result of Defendants' acts, Plaintiff has incurred special and other damages including lost past and future income and employee benefits, past and future medical expenses, and past and future mental pain and suffering.

## COUNT SIX

79. Plaintiff adopts by reference all preceding and subsequent paragraphs.

80. Defendants breached KRS 338.031 by purposefully placing her in situations that were likely to cause serious physical and mental harm. Despite the fact that Defendants were aware of Hall's situation, they failed to take any precautions for her safety and welfare. Pursuant to KRS 446.070, Hall is entitled to recover damages.

## COUNT EIGHT

81. Plaintiff adopts by reference all preceding and subsequent paragraphs.

82. Defendants' acts were so malicious, severe, willful, fraudulent, and oppressive that Plaintiff is entitled to an award of punitive damages jointly and severally against Defendants in an amount in excess of the minimum jurisdictional amount of this Court.

WHEREFORE, Plaintiff demands:

A.    Judgment against Defendants, granting her damages, in excess of the minimum jurisdictional amount of this Court, in an amount to be proven at trial, including an award of damages for their continuing unlawful misconduct, which includes violations of her civil rights, negligent hiring and retention, injurious falsehood, interference with contractual relations, interference with prospective advantage, defamation, libel, libel *per se*, slander, slander *per se*, invasion of privacy, past and future medical and related expenses, past and future emotional distress, mental anguish, pain and suffering, lost past and future income, wages and other employee benefits, goodwill and reputation, past and future humiliation and injury to personal dignity, embarrassment, outrageous conduct, and punitive damages;

B.    That she be awarded her costs herein expended including an award of reasonable attorney's fees;

C.    Trial by jury; and,

D.    Such other relief to which she may be entitled.

Respectfully Submitted,

COWAN LAW OFFICE, PLC

J. ROBERT COWAN
2401 Regency Road, Suite 300
Lexington, Kentucky 40503
Ph: 859-523-8883
Fax: 859-523-8885
Email: cowan-law@insightbb.com
ATTORNEY FOR PLAINTIFF

12

## VERIFICATION

I, ERVINIA J. HALL, certify that I have carefully read and affirm that the contents of the above are true and correct to the best of my knowledge.

_____
ERVINIA J. HALL

COMMONWEALTH OF KENTUCKY        }
                                }
COUNTY OF FAYETTE               }

Subscribed and sworn to before me by ERVINIA J. HALL on July 29, 2011.

My commission expires: __7/2014__ .

My identification number: __423717__ .

_____
NOTARY PUBLIC, STATE AT LARGE

13

TOTAL P.015

| AOC-105      Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. 11-CI-3900<br>Court    ☑ Circuit ☐ District<br>County    Fayette |

**PLAINTIFF**

ERVINIA           J           Hall

Lexington          Kentucky         40503

VS.

**DEFENDANT**

STEVE                        BOCHETTI
600 Martin Luther King Blvd.

Louisville          Kentucky

**Service of Process Agent for Defendant:**

_____

_____

_____

_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

... been filed **against you** in this Court demanding relief as shown on ... **Unless a written defense is made by you or** by **an attorney on** ...aper is delivered to you, judgment by default may be taken against you

...r parties demanding relief against you are shown on the document

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |

Postmark
Here

Steve Bouchetti
600 Martin Luther King Blvd
Louisville, KY 40202
11-CI-3900

PS Form 3800, August 2006      See Reverse for Instructions

7010 3090 0000 4819 9726

WILLIAM LYNCH
FAY... CIRCUIT COURT
... By: ...      _M M Moore_    Clerk
... STREET C103
LEXINGTON, KENTUCKY 40507

this _____ day of _____, 2____.

**Proof of Service**

copy and the Complaint (or other initiating document) to:

_____

_____

Served by: _____

_____ Title

| AOC-105<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. 11- C1- 3900<br>Court ☑ Circuit ☐ District<br>County   Fayette |
| --- | --- | --- |

**PLAINTIFF**

ERVINIA                     J                Hall

Lexington                Kentucky          40503

**VS.**

**DEFENDANT**

JOANNE                                    BRUNER
1500 Leestown Road

Lexington                Kentucky          40502

**Service of Process Agent for Defendant:**

_____

_____

_____

_____

**THE COMMONWEALTH OF KENTUCKY**

been filed **against you** in this Court demanding relief as shown on
**Unless a written defense is made by you or** by **an attorney on**
aper is delivered to you, judgment by default may be taken against you

r parties demanding relief against you are shown on the document

ILMA F. LYNCH
YETTE CIRCUIT COURT
YETTE COUNTY
) N. BMIESTONE STREET C103      _____ Clerk
INGTON, KENTUCKY 40507         _____ D.C.

roof of Service

opy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____
_____ Title

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage       $
Certified Fee                          Postmark
Return Receipt Fee                      Here
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)

Joanne Bruner
1500 Leestown Road
Lexington, KY 40502

11-CI-3900

PS Form 3800, August 2006        See Reverse for Instructions

7010 0290 0002 4819 8740

FILED AND ENTERED
ATTEST, WILMA F. LYNCH. CLERK

**AUG 0 3 2011**

FAYETTE CIRCUIT CLERK
BY _____ DEPUTY

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joanne Bruner
1500 Leestown Road
Lexington, KY 40502

11-CI-3900

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Debbie Adams_    ☐ Agent   ☑ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

Debbie Adams    8/2/11

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☑ Yes

2. Article Number
(Transfer from service label)

7010 3090 0002 4819 9740

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

| AOC-105          Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. 11-CI-3900<br><br>Court  ☑ Circuit  ☐ District<br><br>County  Fayette |

**PLAINTIFF**

ERVINIA                    J                    Hall

Lexington                  Kentucky                      40503

**VS.**

**DEFENDANT**

INTERNAL REVENUE SERVICE

1500 Leestown Road, Suite 220

Lexington                  Kentucky                      40502

**Service of Process Agent for Defendant:**

Timothy                                              Geither

Secretary of State

Washington                                  Washington D.C.          20224

THE COMMONWEALTH OF KENTUCKY

been filed against you in this Court demanding relief as shown on
Unless a written defense is made by you or by an attorney on
paper is delivered to you, judgment by default may be taken against you

parties demanding relief against you are shown on the document

_____ Clerk

By: _____ D.C.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage $ | |
| Certified Fee | Postmark |
| Return Receipt Fee<br>(Endorsement Required) | Here |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total | |

Sent To
Internal Revenue Service
1500 Leestown Road, Ste. 220
Lexington, KY 40502

11-CI-3900

PS Form 3800, August 2006

Proof of Service

py and the Complaint (or other initiating document) to:

Instructions

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title



FILED AND ENTERED
ATTEST. WILMA F. LYNCH. CLERK
AUG 1 8 2011
FAYETTE CIRCUIT CLERK
BY_____ DEPUTY

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service
1500 Leestown Road, Ste. 220
_ington, KY 40502

11-CI-3900

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Debbie Adams_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Debbie Adams   8 2 11

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7010 3090 0002 4819 9733

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540





FILED AND ENTERED
ATTEST. WILMA F. LYNCH, CLERK
AUG 1 8 2011
FAYETTE CIRCUIT CLERK
BY_____ DEPUTY

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service
1500 Leestown Road, Ste. 220
Lexington, KY 40502

11-CI-3900

2. Article Number
(Transfer from service label)

7010 3090 0002 4819 9733

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Debbie Adams   ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)
Debbie Adams

C. Date of Delivery
8|2|11

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

