**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 11-266-JBC**

**ERVINIA J. HALL,**                                                                                                  **PLAINTIFF,**

**V.**                      **MEMORANDUM OPINION AND ORDER**

**JOANNE BRUNER, ET AL.,**                                      **DEFENDANTS.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion to dismiss (R. 4). Because Ervina Hall's complaint specifically and solely cites provisions of the Kentucky Revised Statutes which bar suit against the United States as the basis for her claims, it fails to state a claim upon which relief can be granted, and the court will grant the motion and dismiss it under Fed. R. Civ. P. 12(b)(6).

Hall initially filed her complaint against the Internal Revenue Service and its officers in Fayette Circuit Court, asserting that while she was employed by the IRS, she was illegally discriminated against on the basis of her gender, sex, and disabilities in violation of KRS Chapter 344 and other Kentucky statutes. The defendants removed to federal court on August 19, 2011, and in their notice of removal correctly informed Hall that the only proper defendant in a discrimination claim against a federal agency is the head of the agency, citing 42 U.S.C. § 2000e-16; and that Hall's claim was governed by federal and not state law under 42 U.S.C. § 2000e-16(c) and *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976). The United States certified that at the time of the alleged discrimination

and alleged torts, the conduct of defendants Bruner and Bocchetti was within the scope of their federal office or employment, and that the only proper defendant in this action is Timothy F. Geithner, the Secretary of the Department of the Treasury. Hall has not amended her complaint in response to the notice of removal, and argues in response to the current motion that Kentucky law governs her claims.

Hall cannot maintain her claims under Kentucky law. The IRS is a bureau of the Department of the Treasury of the United States. KRS § 344.030(1)(a), under which Hall makes her disability discrimination claim, provides that the United States is excluded from the definition of "employer" for purposes of determining discrimination based on disability. Hall, in her response to the defendants' motion, argues the merits of her disability discrimination claim under KRS Chapter 344 and alludes to her other civil rights claims, but provides no reason that her suit against the United States should not be barred by this provision.

Hall does not argue her claim under the other sections of Kentucky law asserted in her complaint, but those sections likewise do not provide grounds for relief. Hall cites KRS Chapters 161, 338, and 411 in her complaint as grounds for her claims; however, these Chapters are inapplicable to the case at hand: Chapter 161 specifically covers school employees, teachers' retirement and tenure, and is therefore irrelevant; Chapter 338 excludes employees of the United States from coverage, *see* KRS § 338.021(1)(a); and Chapter 411, which covers statutory actions and limitations under Kentucky law, does not include any relevant provisions.

2

After arguing that KRS Chapter 344 applies to her claims, Hall briefly acknowledges the Rehabilitation Act: "[w]ith that being said, a federal employee, under the Rehabilitation Act of 1973 provides Plaintiff with a remedy for her discrimination and hostile work environment claims based on disability. 29 U.S.C. § 791 *et seq*." R. 6 at 4. She also argues that she has properly exhausted her administrative remedies as required under 29 U.S.C. § 794(a)(1). Despite this, however, Hall does not argue her case under the Rehabilitation Act or other federal statutes and has not moved to amend her complaint to state a cause of action under federal law rather than Kentucky law.

As Hall's complaint stands, it fails to state a claim upon which relief can be granted, because she maintains her claims against improper defendants under Kentucky statutes that do not provide her with a right to relief. While a plaintiff is generally not constrained by the form of her complaint "if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim," *see Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003), the issue here is not a mistaken classification of a claim, but willful pursuit of a claim against improper defendants under statutes that explicitly deny the relief which the plaintiff seeks. The court will therefore dismiss Hall's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Accordingly,

**IT IS ORDERED** that the defendants' motion (R. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** and **STRICKEN** from the active docket.

Signed on January 18, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY